## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>555 Fourth St., N.W.,<br>Washington, DC 20530,<br><br>           Plaintiff,<br><br>        v.<br><br>$480,171.00 in U.S. CURRENCY,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 08-<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance

with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime

Claims and Asset Forfeiture Actions (the "Supplemental Rules"):

### NATURE OF THE ACTION

1. This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the

United States of America the following property: $480,171.00 in U.S. currency ("the defendant

property"), through enforcement of 18 U.S.C. § 981(a)(1)(A), which provides for forfeiture of

any property, real or personal, involved in a transaction or attempted transaction in violation of

18 U.S.C. §§ 1956, 1957 and/or 1960 (money laundering), or any property traceable to such

property.

2. This action is also brought to enforce 18 U.S.C. § 981(a)(1)(C), incorporating by

reference § 1956(c)(7), incorporating by reference 18 U.S.C. § 1961(1), which provides for the

forfeiture of property constituting or derived from proceeds traceable to a "specified unlawful activity," including proceeds from receipt of stolen property, in violation of 18 U.S.C. § 2315.

3. This action is also brought to enforce 18 U.S.C. § 981(a)(1)(C), incorporating by reference § 1956(c)(7), incorporating by reference 18 U.S.C. § 1961(1), which provides for the forfeiture of property constituting or derived from proceeds traceable to a "specified unlawful activity," including proceeds from mail fraud, in violation of 18 U.S.C. § 1341.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred. The property to be forfeited now is located in the District of Columbia under the control of an agency of the United States Government, having been deposited into a seized asset deposit fund account, that the U.S. Marshals Service ("USMS") administers.

5. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## BASIS FOR FORFEITURE

6. Based on the facts set forth in this Complaint, there is reasonable cause to believe that the defendant property is traceable to proceeds of the receipt of stolen property, is traceable to

proceeds of a fraud scheme, or constitutes property involved in money laundering, and/or a conspiracy to commit those offenses. The defendant property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (which provides for the forfeiture of property constituting or derived from proceeds traceable to receipt of stolen property (in violation of 18 U.S.C. § 2315) and mail fraud (in violation of 18 U.S.C. § 1341)) and pursuant to 18 U.S.C. § 981(a)(1)(A) (which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. §§ 1956, 1957 and 1960).

## BACKGROUND INFORMATION

7. The investigation revealed that from at least January 2001 through September 2007, there is reason to believe that Harriette Walters, Richard Walters, Jayrece Turnbull, and others conspired together to defraud the government of the District of Columbia of more than $20,000,000 through fraudulently obtained property tax refund checks. The investigation reveals that more than $20,000,000 was deposited into bank accounts held by entities associated with conspirators Jayrece Turnbull, Richard Walters and others, based upon fraudulent submissions to the Office of Tax and Revenue ("OTR") for property tax refunds.

8. Harriette Walters was an employee at OTR, which is part of the District of Columbia (D.C.) Office of the Chief Financial Officer ("OCFO"). Walters' title was Manager, Real Property Tax Administration Adjustment Unit at OTR.

9. The normal process by which property tax refunds are requested and issued is as follows. If a taxpayer (including a business) in the District of Columbia believes his/her tax assessment has been calculated incorrectly, he/she has the right to submit an appeal. If the taxpayer wins the appeal, the Real Property Tax Adjustments Administration Unit

("RPATAAU") submits a request for a refund check to be issued to the taxpayer. Supporting documentation usually accompanies the refund requests.

10. The investigation revealed that Harriette Walters caused false or fraudulent property tax refund requests to be created. She then approved those refund requests based on her position in the DC government. Once a fraudulently generated check was issued, Harriette Walters, or someone acting on her behalf, picked up the check from a DC government office. Harriette Walters, or one of her co-conspirators, then deposited the check in a bank account under the control of one of the co-conspirators.

11. To facilitate the scheme and to make the fraudulently obtained property tax refund checks appear legitimate, Harriette Walters often made the checks payable to a company (listed as the payee or co-payee on the check) that either she or her co-conspirators controlled.

12. A review of bank records for Richard Walters revealed that over the past seven years fifteen fraudulently obtained DC government checks worth more than $4,900,000 were deposited into a bank account under his control, some of which had been transported across state lines. Thereafter, funds were withdrawn and dispersed in the form of cash or cashier's checks to Richard Walters, Harriette Walters, and others.

13. On at least one occasion, in furtherance of the scheme to defraud, Jayrece Turnbull caused a document purporting to be from OTR to be mailed through the U.S. Postal Service to Turnbull's residence in Bowie, Maryland.

### THE DEFENDANT U.S. CURRENCY

14. Richard Walters admitted he used some of the proceeds from the scheme to build a house in St. Thomas, U.S. Virgin Islands. Richard Walters stated that the house originally

contained two safes, one of which was used to store approximately $470,000 in cash, all or part of which was illegal proceeds from the theft of DC government funds.

15. Richard Walters asked a relative to obtain the safe along with a plastic bag from Richard Walters' house in the U.S. Virgin Islands and move it to the relative's house. The relative had access to the contents of the safe.

16. The relative complied with Richard Walters' request and obtained a safe and plastic bag containing U.S. currency from Richard Walters residence in the U.S. Virgin Islands and transported it to his residence in St. Thomas, U.S. Virgin Islands.

17. On November 21, 2007, federal law enforcement agents conducted a search of the relative's residence located at a specific address in St. Thomas, U.S. Virgin Islands.

18. From the relative's residence, law enforcement agents recovered a safe from the master bedroom containing $22,371 in U.S. currency, a plastic bag containing $52,020 in U.S. currency from a hallway attic, and another safe containing $405,780 in U.S. currency from a hallway attic.

19. Based on the information contained in this Complaint, there is reasonable cause to believe that the $480,171 in U.S. currency is traceable to proceeds from the receipt of stolen property and/or mail fraud scheme and/or are funds involved in money laundering.

20. On March 11, 2007, the relative filed a claim to a portion of the defendant property. After receiving this claim, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

## COUNT I

21. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated, herein, by reference.

22. As described above, the defendant property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2315.

23. By reason of the above-described facts, the defendant property is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C).

## COUNT II

24. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated, herein, by reference.

25. As described above, the defendant property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341.

26. By reason of the above-described facts, the defendant property is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C).

## COUNT III

27. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated, herein, by reference.

28. The defendant property is subject to forfeiture because it was involved in "financial transactions" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of the receipt of stolen property (18 U.S.C. § 2315), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

29. As such, the defendant property was involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT IV

30. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated, herein, by reference.

31. The defendant property is subject to forfeiture because it was involved in "financial transactions" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of mail fraud (18 U.S.C. § 1341), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

32. As such, the defendant property was involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that due process issue according to law; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

/s/

WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

/s/

DIANE G. LUCAS
Assistant United States Attorney
D.C. Bar No. 443610
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## VERIFICATION

I, Debra L. LaPrevotte, a Special Agent for the Federal Bureau of Investigation, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of June, 2008.

/s/ Debra LaPrevotte

Debra L. LaPrevotte
Special Agent
Federal Bureau of Investigation

## CIVIL COVER SHEET

JS-44
Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS $480,171.00 in U.S. Currency |
|---|---|
| UNITED STATES of AMERICA<br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☒ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

18 U.S.C. Section 1956, 1957 and 1960 (money laundering)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□    ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES    ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☒ YES    □ NO    If yes, please complete related case form.

DATE  6/2/2008    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.